

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable R. C. Slagle, Jr.
Criminal District Attorney
Grayson County
Sherman, Texas

Dear Sir:

Opinion No. O-2065-A
Re: Registration of motor
vehicles brought into
State by non-residents
for the purpose of sale
or trade.

We have had before us for reconsideration our
Opinion No. O-2065, approved April 1, 1940, directed to
you in reply to your letter of March 5, 1940. Your let-
ter of request read in part as follows:

"I am anxious to have you submit your
opinion on Article 1434, Chapter 8, Title
17 of the Penal Code of Texas, 1925, as
amended by Chapter 77, Acts of the First
Called Session of the Fortieth Legislature.
This article presents a serious situation
to the Tax Collector of this County. Be-
ing a borderline county, numberous automo-
biles are brought into Grayson County,
sold, and many times taken again out of
the state for re-sale. We have an automo-
bile dealer in the county that operates
agencies in Oklahoma. When this concern
makes a trade for an Oklahoma car here in
Texas and then immediately removes the car
out of this State for re-sale in Oklahoma,
must the car in question be registered in
Texas? On the other hand, if an Oklahoma car
is bought in Texas, is the endorsed Certifi-
cate of Title from Oklahoma, alone, sufficient
evidence of sale and transfer of ownership?
If the endorsed certificate is sufficient,
may the Tax Collector legally acknowledge

change of ownership by registering automo-
bile in buyer's name without the prescribed
bill of sale properly executed."

Your request presents two questions:

First, whether or not Texas registration of a car
is necessary when a Texas automobile dealer who also operates
agencies in Oklahoma makes a trade for an Oklahoma car in
this State, and immediately thereafter removes the car to
Oklahoma for the purpose of re-sale. We assume that the car
in question will be brought into Texas by its non-resident
owner.

Second, whether or not an endorsed Oklahoma Certi-
ficate of Title is alone sufficient evidence of sale and
transfer of ownership in order that a county tax collector
may legally acknowledge such change for the purpose of Texas
registration of the automobile in the buyer's name without
the necessity of a properly executed bill of sale.

Article 6675a-2, Vernon's Annotated Civil Statutes,
provides for the registration of each motor vehicle used or
to be used upon the public highways of this State. Applica-
tion for registration is to be made to the County Tax Col-
lector of the County in which the applicant resides. To this
requirement of registration are appended certain exceptions.
One such exemption from registration is that owners of certain
farm tractors, farm trailers, farm semi-trailers, and imple-
ments of husbandry, operated or moved temporarily upon the
highways are not required to register such vehicles. Another
exemption from registration may be found in Article 827b,
Vernon's Annotated Penal Code, which contains provisions with
respect to the registration of motor vehicles owned by non-
residents and operated upon the highways of this State. Sec-
tion 5 of this Article contains this significant sentence:

"And provided, further, that any non-
resident owner of a privately owned motor
vehicle may be permitted to make an occasional
trip into this State with such vehicle under
the privileges of this Act without obtaining
such temporary registration certificate."

An "occasional trip" is defined in Section 1 of
Article 827b to mean "not to exceed five trips into this

state during any calendar month, nor to exceed five days on any one trip." In other words, regardless of purpose, a non-resident of this State may make an "occasional trip" into this State in his motor vehicle without obtaining Texas registration of such vehicle. He may lawfully bring his car into the State for the purpose of sale while on an "occasional trip," without the necessity of registering it in this State. See American Lloyds of Dallas v. Gengo (CCA, 1926), 282 S. W. 957, writ refused. We call to your attention, however, that Section 5 of Article 827b, Penal Code, requires that there be displayed at all times upon such automobile the registration number plates assigned to such vehicle for the current year by the State of the owner's residence.

A decidedly different question is presented when the new dealer-owner of the automobile, a resident of Texas, drives the car over the highways of the State after the sale to him for the purpose of re-sale in the State of Oklahoma.

In Opinion No. 0-891 this department held that when a motor vehicle is upon the public highways for any purpose or any length of time, unless there be an express exemption it must be registered as required by law.

We have found no exemptions applicable to a resident automobile dealer or his agents driving a used automobile into another State for the purpose of re-sale.

In further answer to your first question, it is our opinion and you are advised that when under the facts described in your letter the new dealer-owner of the used automobile decides to drive it to Oklahoma over the highways of this State for the purpose of re-sale the automobile must be registered in this State. Article 6675a-1-15, Vernon's Annotated Civil Statutes; Article 807b, Penal Code.

Your second question is concerned with what muniment of title will be sufficient to evidence sale and transfer of ownership; and whether an endorsed Oklahoma Certificate of Title would alone be sufficient without a properly executed bill of sale. In this connection you call our attention to Articles 1434 and 1435 of the Penal Code, which have required the execution of a bill of sale by the transferor to the transferee when the latter makes application for registration in Texas.

In Opinion No. 0-1491, this department held that the Certificate of Title Act, Article 1436-1, Vernon's Annotated Penal Code, supercedes Articles 1434 and 1435 of Vernon's Annotated Penal Code, inasmuch as the Certificate of Title Act covers the same general subject matter. Consequently, we must look to the Certificate of Title Act and other pertinent statutes.

Section 60 of the Certificate of Title Act, Article 1436-1, Vernon's Annotated Penal Code, reads as follows:

> "The provisions of this Act shall not apply to motor vehicles not required to be registered or licensed under the laws of this State then effective, not to motor vehicles owner or operated by the Federal Government or any of its agencies, the State of Texas, or any municipal government unless such motor vehicle is sold to a person required under this Act to procure a certificate of title, in which even the provisions hereof shall be fully operative as to such motor vehicle." (Underscoring ours)

Is the used motor vehicle in question when being sold to the Texas dealer "required to be registered or licensed?" We have determined in answer to your first question that it is not so required to be "licensed or registered." As a result the literal language of Section 60 of the Certificate of Title Act is satisfied insofar as the sale or trade by the Oklahoma resident to the Texas dealer is concerned; that is, the vehicle is not required to be registered or licensed in this State and the Certificate of Title Act in its entirety has no application to this transaction.

Other sections of the Certificate of Title Act bear out this conclusion. Section 27 has no application. This section is directed only to automobiles "required to be registered or licensed in this State," and the prohibition is only against the "owner" as that term is defined in the Certificate of Title Act. We believe the Certificate of Title Act's definition of an "importer," namely, "any person except a manufacturer, who brings any used motor vehicle into this State for the purpose of sale within this State" is more nearly applicable to the nonresident in question.

For similar and other reasons Sections 28, 29, 33, 51 and 52 will not apply.

However we believe Article 6675a-3, Vernon's Annotated Civil Statutes, is applicable and expressly covers your second question. This Article provides in part as follows:

"* * *. It is expressly provided that the owner of a vehicle previously registered in any State for the preceding or curent year may, in lieu of filing an application as thereinbefore directed, present the license receipt and transfer receipts, if any, issued for the registration or transfer of the vehicle for the preceding calendar year, and said receipt or receipts shall be accepted by the County Tax Collector as an application for the renewal of the registration of the vehicle, provided said receipt or receipts shall be accepted by the County Tax Collector as an application for the renewal of the registration of the vehicle, provided said receipts show that the applicant is the rightfuly owner thereof. Provided, however, that should an owner or a claimed owner of a motor vehicle or automobile offer to register same, but has lost or misplaced the registration receipt or transfer, then upon his furnishing satisfactory evidence to the Tax Collector by affidavit or otherwise, that he is the real owner of same, then shall it become the duty of the Tax Collector to date each registration receipt issued for the vehicle the same date that application is made for registration of such vehicle. * * *."

Your second question is therefore answered in accordance with Article 6675a-3 to the effect that the new dealer-owner of the used automobile in question should present to the County Tax Collector upon making application for Texas registration of the same and license and transfer receipts from the foreign State covering the automobile in question, together with any other evidence (such as the endorsed Certificate of Title from the foreign State) sufficient to satisfy the Tax Collector of legal ownership of the automobile.

You are further advised that under the circumstances described in your letter presentation to the Tax Collector of a properly executed bill of sale for the automobile in question will not be necessary provided the foreign license and

transfer receipts and such other evidence the applicant may produce show him to be the rightful owner of the automobile.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By         James D. Smullen
Assistant

JDS:RS--pam

APPROVED FEB 3, 1941
GROVER SELLERS
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED OPINION
BY BWB, CHAIRMAN